THE UNITED STATES, PLAINTIFFS, *v.* WILLIAM G. SHACKLEFORD.

The act of congress, passed on the 20th of July, 1840, (5 Stats. at Large, 394,) confers upon the courts of the United States the power to make all necessary rules and regulations, for conforming the impanelling of juries to the laws and usages in force in the State.

This power includes that of regulating the challenges of jurors, whether peremptory or for cause, and in cases both civil and criminal, with the exception, in criminal cases, of treason and other crimes, of which the punishment is declared to be death.

The act of 1790 recognizes the right of peremptory challenge in these cases, and therefore it cannot be taken away.

But this recognition does not necessarily draw along with it the qualified right, existing at common law, of challenges by the government; and unless the laws and usages of the State, adopted by rule of court, allow it on behalf of the prosecution, it should be rejected, conforming, in this respect, the practice to the state law.

THIS case came up from the circuit court of the United States for the district of Kentucky, on a certificate of division in opinion between the judges thereof.

The point of difference was thus stated.

### Statement of point of disagreement.

The statement of the point upon which the disagreement of the judges happened having been made, is in these words:—

### Question of difference.

In the progress of the trial of this cause, and, after the jury had been in part selected, and other jurors were presented to the prisoner, he peremptorily challenged  one of them, when the question arose, whether the defendant was entitled to any peremptory challenges; on which question the judges were divided in opinion. Whereupon, the point of division, and the grounds thereof, are ordered to be certified to the supreme court of the United States, for its opinion and direction to this court on the case certified.

And the cause was continued, to await the instructions of the supreme court. J. CATRON.

It was submitted upon printed arguments by *Mr. Cushing*, (attorney-general,) for the United States, and by *Mr. Underwood*, for the defendant.

Mr. Justice NELSON delivered the opinion of the court.

This case comes up on a certificate of a division of opinion between the judges of the circuit court of the United States for the district of Kentucky.

The prisoner was indicted for a misdemeanor in wrongfully deserting the mails of the United States, before delivering them to the proper officer or agent, he being a mail carrier at the time, and, as such, having the mails in charge. (§ 21 of act of cong., 3d March, 1825; 4 Stats. at Large, 107.)

A question arose, in impanelling the jury, whether the prisoner was entitled to a peremptory challenge of one or more jurors, upon which the judges were divided in opinion.

The act of congress passed 20th July, 1840, 5 Stats. at Large, 394, provides that jurors, to serve in the courts of the United States, in each State, shall have the like qualifications, and be entitled to the like exemptions, as jurors of the highest court of law of such State now have and are entitled to, and shall hereafter from time to time have and be entitled to; and shall be designated by ballot, lot, or otherwise, according to the mode of forming such juries now practised, and hereafter to be practised therein, so far as such mode may be practicable by the courts of the United States, or the officers thereof. "And, for this purpose, the said courts shall have power to make all necessary rules and regulations for conforming the designation, and impanelling of juries, in substance, to the laws and usages

now in force in such State; and, further, shall have power by rule or order, from time to time, to conform the same to any change in these respects, which may be hereafter adopted by the legislatures of the respective States for the state courts."

The court is of opinion that the power conferred upon the. federal courts to adopt "rules and regulations for conforming the designation and impanelling of juries to the laws and usages in force at the time in the State," enables them to adopt the laws and usages of the State in respect to the challenges of jurors, whether peremptory or for cause, and in cases both civil and criminal, with the exception, in criminal cases, of treason and other crimes, of which the punishment is declared to be death.

The § 30 of the crimes act of 1790, 1 Stats. at Large, 119, provides, that if persons indicted for treason against the United States shall challenge peremptorily above the number of thirty-five of the jury, or if persons indicted for any other of the offences before set forth, for which the punishment is declared to be death, shall challenge peremptorily above the number of twenty persons of the jury, the court in any of these cases shall, notwithstanding, proceed to the trial of the persons so challenging, &c.

This act of congress having expressly recognized the right of peremptory challenge in the one case of the number of thirty-five jurors, and in the other of twenty, they should be regarded as excepted out of the power conferred upon the courts to regulate the subject by rule or order under the aforesaid act of 1840.

The right of challenge in the cases specified in the act of 1790, in respect to the number of jurors, is derived from the common law, which allowed thirty-five in cases of treason, and twenty in cases of felony. 4 Bl. Com. 354, 355; 12 Wheat. 483.

That law also gave to the king a qualified right of challenge in these cases, which had the effect to set aside the juror till the panel was gone through with, without assigning cause, and if there was not a full jury without the person so challenged, then the cause must be assigned or the juror would be sworn.

The court is of opinion that the right of challenge by the prisoner recognized by the act of 1790, does not necessarily draw along with it this qualified right, existing at common law, by the government; and that, unless the laws or usages of the State, adopted by rule under the act of 1840, allow it on behalf of the prosecution, it should be rejected, conforming in this respect the practice to the state law.

It does not appear in the case before us, whether or not the court below had adopted the state law under the act of 1840, as it existed at or previous to the proceedings certified, and

hence we are not enabled to express any opinion upon the particular question certified. But the opinion expressed upon the general question will enable the court below to dispose of the case, without any amendment of the record, or further hearing of the case.

The cause is, therefore, remanded to the court below to proceed according to the foregoing opinion.