## UNITED STATES *v.* HALL *et al.*

*(Circuit Court, W. D. Georgia, S. D.* December 13, 1890.)

CHALLENGES IN CRIMINAL CASES.

    The act of congress of June, 1872, as embodied in section 819 of the Revised Statutes, restricts parties indicted for felony to 20 peremptory challenges; and, where several parties are indicted for a joint felony, they are deemed a single party for the purposes of all challenges under that section.

*(Syllabus by the Court.)*

At Law.

*Marion Erwin,* U. S. Atty., and *Fleming du Bignon,* for prosecution.
*Dessau & Bartlett, Bacon & Rutherford,* and *C. C. Smith,* for defendants.

SPEER, J. The question which the court took under consideration was upon the motion of the prosecuting counsel, made before the defendants had exhausted any of their challenges to jurors, that the court would, as a guide for the conduct of the case, place its construction on section 819 of the Revised Statutes, which fixes and regulates the number of challenges in criminal and civil cases in the courts of the United States. The first portion of this statute is taken from the act of congress approved March 3, 1865, entitled "An act regulating proceedings in criminal cases, and for other purposes." The section provides that, when the offense charged be treason, or a capital offense, the defendants shall be entitled to 20, and the United States to 5, peremptory challenges. In the act of June, 1872, which is entitled "An act to amend an act regulating proceedings in criminal cases, and for other purposes," approved March 3, 1865, the statute, as it is embodied in the Revised Statutes of the United States, was enacted. It superadded, to the language just quoted from the Acts of 1865, the following language:

    "On trial of any other felony, the defendant shall be entitled to ten, and the United States to three, peremptory challenges; and in all other cases, civil and criminal, each party shall be entitled to three peremptory challenges, and in all cases where there are several defendants, or several plaintiffs, the parties on each side shall be deemed a single party for the purposes of all challenges under this section."

The contention of the government in the case before the court is, that, there being several defendants, they shall be deemed a single party for the purposes of all challenges under this section, and, therefore, as a single party has but 20 challenges, and as they are to be deemed by the statute a single party for the purposes of all challenges, that they are to be restricted to that number. At common law each of the defendants would have been entitled to 35 challenges. The congress of 1790, as it had the clear right to do, limited the number of peremptory challenges in cases of treason to 35, and in other capital offenses to 20. It was held, under this statute, in the case of *U. S.* v. *Marchant,* 12 Wheat. 483, that each prisoner was entitled to the full number of challenges. See, also, *U. S.* v. *Shackleford,* 18 How. 590. The number was further re-

duced, as we have seen, by the act of March 3; 1865, regulating proceedings in criminal cases, and by the act of June 8, 1872. The government insists that congress further provided that, where there were several defendants, they shall be deemed a single party for the purposes of challenges. It is undoubtedly in the power of congress to regulate all the details of procedure in criminal trials in the courts of the United States.

In the absence of a statutory change made by congress, we would still have the number of challenges provided by the common law. That this has been changed is undeniable, so far as the number is concerned, and it only remains for the court to determine whether it has been changed so as to deny each of the defendants the several right to the specified number of peremptory challenges. Under the title of "Peremptory Challenges allowed the Prosecution against Joint Defendants," we find the following declaration in the work of Thompson & Merriam on Juries:

"Statutes which guaranty the right of challenge to every person, which is the general form of those relating to peremptory challenges in criminal cases, plainly indicate that defendants are severally entitled to the specified number. The construction is otherwise where it is specified that 'each party' or 'either party shall be entitled,' etc., which is the general form in statutes relating to the challenges in civil cases." Section 162, subd. 5.

These authors further continue: "The statutes of the United States and of many of the states expressly require that joint defendants shall be joined in their challenges," and citation is made to the express statute before the court. In other states each defendant is allowed his separate challenges. In Texas, persons jointly indicted are entitled to challenge separately, but not to the same number as is allowed a single defendant. That the defendants are to be regarded as a single party is manifestly the obvious, and, in the opinion of the court, the necessary and inevitable, construction the statute must have. Where the language of a statute is unambiguous, there is no room for construction. The courts are obliged to take the words in their obvious and ordinary signification; and, when we bear in mind that the purpose of the law was to regulate trials in criminal cases, that it uses the word "defendant" as synonymous with "prisoner," and declares that in all cases where there are several defendants they shall be deemed a single party for the purposes of all challenges, under this section, the court must accept the imperative and paramount authority of the national legislature as controlling the question. It is said, however, that this is practically to deny the prisoners an impartial jury. We do not perceive the force of this statement. The government has but 5 peremptory challenges, the defendants have 20; a larger number than is permitted in a majority of the states of the Union. The states of Missouri, Nevada, Mississippi, Minnesota, Oregon, Virginia, Kentucky, California, and Arkansas, Delaware, West Virginia, and the territories of Utah and Arizona all have precisely the same rule, and we are happy to believe that as the juries are at present organized in this court, selected, as they are, from

men of intelligence and integrity, truly representative of the best interests of the state and country, there would be no difficulty in securing for the prisoners an impartial jury, even had they a far less number of peremptory challenges than the law allows them.

To the argument that the law is unconstitutional the court must reply that it is its duty to hold every act of congress, or of a state legislature to be constitutional, unless it appears plainly and manifestly to the contrary. So far from this being true, similar statutes, as we have seen, are of force in many states of the American Union, and that it is of force in the federal law is significant of that gradual but steady reform, which has taken place in the methods of criminal procedure, and which tend to simplify and cheapen the administration of justice, to lessen its hardships upon the public, and at the same time to preserve to the accused every substantial right necessary to secure a fair trial before an impartial jury, —a trial which will be relieved from any of those features of injustice to the government or to the accused which tend to defeat the ascertainment of truth, and which thus tend towards the demoralization of society. After careful consideration, the court has no hesitation in declaring that the prisoners are to be considered as a single party, and are entitled to the 20 challenges provided by the law, and no more.