THE STATE, DEFENDANT IN ERROR, v. RICHARD BLACK, PLAINTIFF IN ERROR.

Submitted March 23, 1922—Decided August 2, 1922.

1. As a general rule, any fact that bears against the credibility of a witness is relevant to the issue being tried, and the party against whom the witness is called has a right to have that fact laid before the jury, in order to aid them in determining the credit to be accorded to the person testifying.

2. On the cross-examination of a witness, who had been jointly indicted with the defendant on trial, and who had "turned state's evidence," it is proper ordinarily to inquire, for the purpose of affecting his credibility, whether he had consulted with another witness of the state, who occupied the same position, about appearing and giving testimony in the case.

On error to the Atlantic Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the plaintiff in error, *S. Cameron Hinkle.*

For the state, *Edmund C. Gaskill, Jr.,* prosecutor of the pleas, and *Herbert R. Voorhees,* assistant prosecutor.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. Richard Black, the plaintiff in error, was convicted upon an indictment charging him, together with Seymour Nathanson, Jeremiah Nathanson and Martin Nathanson, with the crime of conspiracy; the purpose of the conspiracy being to permit the three Nathansons to run a gambling house in Atlantic City without police interference. There was a severance at the trial, the state electing then to proceed against Black alone, who was a member of the police force of the city, and who was to afford the necessary police protection.

In order to prove the charge against the plaintiff in error, the state called to the witness-stand, among others, Seymour Nathanson and Jeremiah Nathanson, two of the alleged co-conspirators, who each testified with relation to certain facts, which, if their testimony was believed, demonstrated the truth of the charge against Black. On the cross-examination of Jeremiah, who was called to the witness-stand after his brother, counsel for the plaintiff in error sought to obtain an admission from him that he and his brother Seymour had consulted together about appearing and giving testimony in

the case; but his attempt to do so was precluded by the trial court, and this ruling assigned for error.

In our opinion, the ruling complained of was both erroneous and harmful. The fact that these two co-defendants had "turned state's evidence" naturally affected injuriously the credit to be given to their testimony; for it was suggestive, at least, of a bargain between them and the state authorities with relation to the punishment which would be inflicted upon them in case their testimony aided in bringing about Black's conviction. In this situation, the fact that before these two witnesses were called they had consulted with relation to the testimony to be given by them—if such was the fact—coupled with the similarity of their testimony actually given, tended to further discredit them as witnesses by giving some color, at least, to the conclusion that Black might have been the subject of a "frame up" engineered by these two brothers. As a general rule any fact that bears against the credibility of a witness is relevant to the issue being tried; and the party against whom the witness is called has a right to have that fact laid before the jury in order to aid them in determining what credit should be given to the person testifying. *Prout* v. *Bernards Land, &c., Co.,* 77 *N. J. L.* 719.

Our consideration of the other assignments of error leads us to the conclusion that none of them present matters of legal merit, or of sufficient importance to justify judicial discussion.

The judgment under review will be reversed.