## VLASSIS v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. February 2, 1925.)

No. 4253.

1. **Criminal law** ⬤=200(6)—**Indictments for conspiracy and for importing and dealing in cocaine held not to charge same offense.**

Separate indictments for conspiracy to unlawfully import cocaine, to deal in cocaine without registering and paying the special tax, and for importing and dealing in the same without registering and paying the tax, *held* not to charge the same offense, but each a different offense.

2. **Criminal law** ⬤=620(1) — **Indictments for conspiracy to violate and for violating the narcotic laws held properly consolidated for trial.**

Indictments for conspiracy to import and deal in cocaine and for importing and dealing in the same *held* properly consolidated for trial.

3. **Criminal law** ⬤=620(1)—**Waiver of objection to consolidation of indictments.**

Where defendants go to trial without objection to consolidation of indictments, it is not open to them to take the objection for the first time after verdict.

4. **Criminal law** ⬤=1208(1)—**Judgment not reversible for excessive punishment, where it is within statute.**

A judgment will not be reversed on the ground that the punishment is excessive, where the sentence is less than that authorized by statute.

In Error to the District Court of the United States for the District of Arizona; F. C. Jacobs, Judge.

Criminal prosecution by the United States against George Vlassis. Judgment of conviction, and defendant brings error. Affirmed.

Geo. Vlassis, in pro. per.

George T. Wilson, Asst. U. S. Atty., of Phœnix, Ariz.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge. The plaintiff in error was defendant to three indictments filed in the court below, the first of which was numbered C–1797, which charged, in effect, that he and two other named persons on the 1st day of January, 1923, continuously from that date to and including January 7th of the same year, within the jurisdiction of the court below, willfully and feloniously conspired together and with other persons to the grand jurors unknown to import cocaine into the United States, and to conceal it therein after such importation, in violation of the Act of Congress of February 9, 1919, as amended by that of May 26, 1922, and the indictment alleged various overt acts of the plaintiff in error in furtherance of the alleged conspiracy.

The next indictment, numbered C–1798, alleged in its first count that the plaintiff in error and the other named parties did on the 7th day of January, 1923, within the jurisdiction of the court below, willfully and feloniously deal in cocaine without first having registered with the collector of internal revenue for the district of Arizona, or with any other collector of such revenue, as required by the Act of Congress of December 17, 1914 (Comp. St. § 6287g et seq.), as amended by that of February 24, 1919 (Comp. St. Ann. Supp. 1919, §§ 6287g, 6287*l*), and without first having paid the special tax provided therefor. The second count of that indictment alleged that the plaintiff in error and the other named parties on the same day of January, 1923, and within the jurisdiction of the court below, did willfully and feloniously import and bring into the United States, and assist in so doing, 200 ounces of cocaine. Its third count alleged that the plaintiff in error and the other named parties, on the same day and within the jurisdiction of the court below, did willfully and feloniously receive and conceal and facilitate the transportation and concealment of 200 ounces of cocaine after the importation thereof into the United States; they, the said plaintiff in error and the other specifically mentioned parties, then and there well knowing the said cocaine to have been imported and brought into this country contrary to law.

The indictment numbered C–1802 alleged that the plaintiff in error and the other spe-

cifically mentioned parties, on the 1st day of December, 1922, continuously from that date to and including January 7th, 1923, within the district of Arizona and elsewhere at places unknown to the grand jurors, willfully and feloniously conspired together, and with other persons to the grand jurors unknown, to import, deal in, dispense, sell, distribute, and give away morphine and cocaine without first registering with the collector of internal revenue for the district of Arizona, or with any other collector of internal revenue of the United States, as provided for in the Act of Congress of December 17, 1914, as amended February 24, 1919, and without first paying the special tax provided for therein. That indictment also alleged various overt acts committed by the defendants thereto in furtherance of the alleged conspiracy.

The record contains no bill of exceptions, but shows that the plaintiff in error pleaded not guilty to each of the indictments, and was by the court granted a severance and separate trial from the other two defendants thereto, and on motion of the government's attorneys the three indictments were consolidated for trial, and were tried without objection on the part of the plaintiff in error; he being at all times present with his attorney. Witnesses were subpœnaed on his behalf at the expense of the government, and he was, according to the record, afforded by the court every opportunity to contest the allegations against him. The jury found him guilty under each of the counts in the indictment numbered C–1798, and also guilty as charged in those numbered, respectively, C–1797 and C–1802.

The contention of the plaintiff in error here is that the offenses charged in the different indictments are the same, and susceptible of but one punishment; that the indictments were improperly consolidated; and also that the imprisonment imposed upon him by the judgment of the trial court was in excess of that authorized by statute. Those, according to the record, are the only matters open to our consideration.

[1] The contention that the offenses charged in the different indictments are the same, and susceptible of but one punishment, is well answered by the cases of Morgan v. Devine, 237 U. S. 632, 35 S. Ct. 712, 59 L. Ed. 1153, Gavieres v. United States, 220 U. S. 338, 31 S. Ct. 421, 55 L. Ed. 489, and Carter v. McClaughry, 183 U. S. 367, 22 S. Ct. 181, 46 L. Ed. 236, and other cases there referred to. A mere reading of the indictments shows that, while the transac-

tions therein respectively alleged are of the same nature, the offenses constitute separate crimes. That is made apparent by the obvious fact that the offenses alleged required different evidence to sustain them.

[2, 3] Regarding the contention that the indictments were improperly consolidated, it is sufficient to say that Congress has enacted that, "when there are several charges against any person for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses which may be properly joined, instead of having several indictments the whole may be joined in one indictment in separate counts; and if two or more indictments are found in such cases the court may order them to be consolidated," and to point to the decision of the Supreme Court in the case of Logan v. United States, 144 U. S. 263, 296, 297, 12 S. Ct. 617, 36 L. Ed. 429, where that court held that, where defendants go to trial without objection on consolidated indictments, it is not open to them to take the objection for the first time after verdict.

[4] In respect to the claim that the imprisonment imposed upon the plaintiff in error was excessive, it is enough to say that it was much less than it was authorized to have imposed for the violation of the statutes which the jury found the plaintiff in error violated.

The judgment is affirmed.