## BROWN et al. v. UNITED STATES.
### No. 6542.

Circuit Court of Appeals, Ninth Circuit.
March 14, 1932.

WEBSTER, District Judge, dissenting in part.

Barnett H. Goldstein, of Portland, Or., for appellants.

George Neuner, U. S. Atty., and Chas. W. Erskine, Asst. U. S. Atty., both of Portland, Or.

Before WILBUR and SAWTELLE, Circuit Judges, and WEBSTER, District Judge.

SAWTELLE, Circuit Judge.

This is an appeal from a judgment of conviction as to two of the appellants, of conspiracy to violate the National Prohibition Act (27 USCA), and, also as to two of the appellants, of manufacturing intoxicating liquor.

Appellant Joseph Brown was found guilty on count 1 of the indictment charging conspiracy; appellant Rudolph Bouthellier was found guilty on count 1 and count 3, the latter charging manufacture of liquor; and appellant Francis or Frank Bouthellier was found not guilty on count 1 and guilty on count 3.

There were thirty-six defendants charged jointly in the same indictment. Of these, eighteen were tried jointly, the other eighteen having previously pleaded guilty or not having yet been apprehended. Of the eighteen on trial, ten were convicted on various counts, and eight were either acquitted or were given directed verdicts of not guilty.

The conspiracy charged in count 1 was alleged to have commenced on or about October 12, 1927, and to have continued until on or about September 15, 1930. The alleged object of the conspiracy was to violate the National Prohibition Act in several counties in the states of Washington and Oregon. Trial was had in the United States District Court for the District of Oregon.

Although there are fifty-three assignments of error, we are following the grouping adopted in the appellants' brief. Many of the points urged by the appellants are so clearly without merit as not to warrant individual mention.

■ First, it is complained that the counts are improperly joined. In another portion of his brief, however, counsel for the appellants admits that "the defendants probably waived" this alleged defect "by failing to move there-against." That is clearly the law in a case of this kind. Vlassis v. United States (C. C. A. 9) 3 F.(2d) 905, 906.

■ But, argue the appellants, "where counts are improperly joined and trial had thereon without objection, defendants are [nevertheless] entitled to a separate quota of challenges." In this contention, the appellants are in error. 28 USCA § 424; United States v. Hall et al. (C. C.) 44 F. 883, 884, 10 L. R. A. 323; Kettenbach et al. v. United States (C. C. A. 9) 202 F. 377, 382.

It is next urged that the court erred in failing to direct a verdict for the defendants on count 1. There is no merit to this contention. There was ample evidence that a liquor "ring" had been operating in two states for a period of years, and that the defendants who were found guilty under count 1 had been definitely connected with the widespread conspiracy laid in the indictment.

Under the above general heading, the appellants' brief contains a number of subgroups, which we have noticed but do not find borne out by the record.

The appellants also urge that the court erred in the admission of testimony. In that connection, elsewhere in his brief and at greater length in his oral argument, counsel for the appellants urged a more difficult point, which is worthy of more extended consideration.

Appellants moved for a directed verdict at the close of the government's case, and announced their intention to stand on the motion and not introduce any evidence. One Tooze, a codefendant, then took the stand in his own behalf and in the course of his testimony made certain statements referring to the appellants, which testimony, it is claimed, was prejudicial to them. Counsel moved that the jury be instructed to disregard such testimony, which motion was denied, and the ruling is assigned as error. Tooze was cross-examined, but it does not appear whether by the government or by counsel for the appellants.

■ In 1878 Congress enacted the following statute: "In the trial of all indictments, informations, complaints, and other proceedings against persons charged with the commission of crimes, offenses, and misdemeanors, in the United States courts, * * * the person so charged shall, at his own request but not otherwise, be a competent witness. And his failure to make such request shall not create any presumption against him." 28 USCA § 632.

This statute removed the common-law incapacity of a party to testify in his own behalf. In the case of Wolfson v. United States (C. C. A. 5) 101 F. 430, 436, certiorari denied, 180 U. S. 637, 21 S. Ct. 919, 45 L. Ed. 710, the court said: "This statute in terms makes a defendant a competent witness. The statute does not say 'a competent witness for himself.' It does not say 'a competent witness for the government.' He is made simply 'at his own request, but not otherwise,' a competent witness. It would clearly be improper for the government, while he was on trial, in the absence of a request on his part, to call him as a witness. The purpose of the law was to make defendants competent witnesses, but at the same time preserve to them the right to remain silent without prejudice. When any defendant chooses to testify, the statute permits him to do so. It does not matter whether his testimony is for or against himself, or for or against his co-defendant."

See, also, Benson v. United States, 146 U. S. 325, 336, 13 S. Ct. 60, 36 L. Ed. 991; Wong Din v. United States (C. C. A. 9) 135 F. 702, 706; Grunberg v. United States (C. C. A. 1) 145 F. 81, 86; Radin et al. v. United States (C. C. A. 2) 189 F. 568, 576; Henderson v. United States (C. C. A. 8) 20 F.(2d) 90, 92.

■ It is well settled that an accused who testifies in his own behalf is subject to cross-examination as any other witness. Raffel v. United States, 271 U. S. 494, 497, 46 S. Ct. 566, 70 L. Ed. 1054; Underhill's Criminal Evidence (3d Ed.) §§ 113 and 114, pp. 129, 130.

In Frazee v. State, 12 Okl. Cr. 134, 152 P. 462, 463, it was held that a defendant may impeach a codefendant who testifies against him. To the same effect, see State v. Hardin et al., 46 Iowa, 623, 627, 628, 26 Am. Rep. 174; State v. Pfefferle, 36 Kan. 90, 12 P. 406, 408; People v. Maggio, 324 Ill. 516, 155 N. E. 373, 378.

Likewise, it has been held that a defendant may cross-examine a codefendant who has testified for the prosecution. State v. Black, 97 N. J. Law, 361, 118 A. 103.

Cases involving the right of a party jointly indicted to cross-examine a codefendant who testifies in his own behalf and incriminates his codefendant are few. The question was discussed in State v. Crooker, 123 Me. 310, 122 A. 865, 866, 33 A. L. R. 821, 826, where it was held that in such an instance the right of cross-examination exists in a defendant on the ground that his constitutional right to confront the witnesses against him includes the right to cross-examine them, and that his codefendant did in fact become a witness against him by testifying in such a way as to incriminate him, even though he was not technically a witness for the prosecution, but had taken the stand in his own behalf. The court said:

"The question of law involved is of novel impression, and may be put sharply in this form: In case of the indictment and trial of A., B., and C. jointly, and B. takes the stand in his own behalf, is interrogated by his own counsel, and gives testimony clearly incriminating A., has A.'s counsel the right to cross-examine B., or is cross-examination limited to the attorney of the state?

"We think, both upon principle and authority, that A.'s counsel has such legal right under the circumstances stated, and that the right of cross-examination is not confined to the state's attorney." See, also, Common-

wealth v. Mullen, 150 Mass. 394, 23 N. E. 51, 52.

We might add that it is not claimed by counsel for the appellants that, after Tooze gave his testimony, there was made to the court any request for permission to cross-examine the witness, or to introduce any evidence tending to impeach or to contradict him. It is fair to assume that if such request had been made, it would have been granted.

Accordingly, we hold that the court below did not err in denying the motion to strike such part of the testimony as referred to the appellants.

■ The appellants urge that there was "inconsistency" in the verdict as to Frank Bouthellier, of not guilty on count 1 and guilty on count 3. We do not concur in this view.

Furthermore, while the testimony as to this appellant was not so strong as it was against the other two appellants, we cannot say that, in view of the testimony tending to associate Frank Bouthellier with Frank Hodgson, who operated the Zielinski ranch, the jury did not have before it facts sufficient to sustain its verdict of guilty on count 3, as against Frank Bouthellier, as well as against Rudolph Bouthellier.

Finally, the appellants urge that there were a number of errors in the instructions given by the trial court. We have carefully examined the instructions as given, and find them to have been fair and proper, including the instruction as to the testimony of accomplices.

Altogether, we find no prejudicial error in the record, and the judgment is affirmed as to all three appellants.

Judgment affirmed.

WEBSTER, District Judge (concurring in part and dissenting in part).

I concur in the majority opinion written by Judge SAWTELLE affirming the convictions of Rudolph Bouthellier and Frank Bouthellier, but as to appellant Joseph Brown I respectfully dissent.

After the government had closed its case and the defendants' several motions for a directed verdict had been denied, Brown announced that he did not intend to introduce any evidence in his behalf. His codefendant, Walter Tooze, took the stand in his own behalf and in the course of his testimony in support of his defense made statements seriously prejudicial to Brown, whereupon counsel for Brown stated: "Let the record show that the defendant Joe Brown announced that he rested upon the motion for directed verdict at the close of the Government's case and at this time renews his motion to strike out all reference to the defendant Joe Brown which might have been made by some of the witnesses for the other defendants who chose to put in evidence on their behalf. That as far as Joe Brown is concerned any reference thereto should not be binding upon him and should be disregarded by the jury."

It seems obvious that the testimony of Tooze should not have been eliminated. It was a part of his defense and he had the right to have it considered by the jury in connection with his guilt or innocence, but the portion of the motion which in effect requested the court to limit the testimony to the defense of Tooze and that it should not be considered as affirmative evidence against Brown, in my opinion, should have been granted and that it was reversible error to refuse it. I am unable to see how testimony given by one codefendant jointly on trial in support of his defense can be regarded as affirmative evidence in behalf of the government against another defendant who elects not to offer any defense after the government has rested its case as to him.