**UNITED STATES of America,
Appellee,**

v.

**William Luther MERCKS, Appellant.**

**No. 8505.**

United States Court of Appeals
Fourth Circuit.

Argued March 27, 1962.

Decided June 12, 1962.

Robert F. Rush, Charlotte, N. C. (Charles T. Myers, and Myers & Rush, Charlotte, N. C., on the brief) for appellant.

William Medford, U. S. Atty. (Hugh E. Monteith, Asst. U. S. Atty., on the brief) for appellee.

Before SOPER and HAYNSWORTH, Circuit Judges, and FIELD, District Judge.

FIELD, District Judge.

Appellant, William Mercks, together with William Pearson, William Threatt,

Jr. and William Dulin, was indicted on a charge of conspiracy to violate the Dyer Act. Mercks and Threatt were also named in a two count indictment for interstate transportation of two of the subject vehicles. The cases were consolidated for trial, and Threatt entered a plea of guilty in each case and testified on behalf of the government. The court ordered a dismissal as to Dulin, and the jury returned a verdict in each case against Mercks and Pearson. Both filed notices of appeal but the appeal was briefed and argued on behalf of Mercks alone.

■ At the trial the co-defendant, Pearson, testified in his own behalf and appellant contends that it was error for the trial judge to refuse his counsel the right to cross-examine Pearson. Undoubtedly, if a party in a joint indictment testifies in his own behalf and incriminates his co-defendant, the latter should be extended the right of cross-examination. See Stanley v. United States, 245 F.2d 427, 433 (6th Cir. 1957); Brown v. United States, 56 F.2d 997, 999 (9th Cir. 1932); State v. Crooker, 123 Me. 310, 122 A. 865, 33 A.L.R. 821 (1923). However, here the testimony of Pearson did not incriminate Mercks in any way. On the contrary, if believed it exonerated Mercks insofar as his association with Pearson was concerned. The record further shows that after cross-examination of Pearson by the government attorney, counsel for Mercks was permitted to take the witness on "direct" examination and attempt to rehabilitate his testimony. Under those circumstances we perceive no prejudice to appellant.

■ With respect to Threatt's testimony, appellant argues that the court erred in failing to instruct the jury that such testimony of an accomplice should be scrutinized and weighed carefully. While such an admonition is generally desirable, the refusal of such an instruc-

tion is not error. Pittsburgh Plate Glass v. United States, 260 F.2d 397 (4th Cir. 1958). Gormley v. United States, 167 F.2d 454 (4th Cir. 1948). See also concurring opinion of Jackson, J. in Krulewitch v. United States, 336 U. S. 440, at 454, 69 S.Ct. 716, at 723, 93 L.Ed. 790. In this regard we might note that the testimony of Threatt was in many respects corroborated by other evidence in the case.

■ Appellant also contends that the trial judge was unduly critical and impatient with counsel for the defendants and that his attitude was prejudicial to them. Unquestionably, the influence of a trial judge upon the jury requires that he exercise his judicial authority with propriety and fairness,[1] but he also has the responsibility to conduct the trial in an orderly manner and without unreasonable delay. The transcript in this case discloses that counsel for defendant Pearson repeatedly interposed objections and argued with the trial judge about his rulings, and to a large degree the comment of the court was in response to counsel's objections and remarks. We fail to find anything intemperate or prejudicial in the judge's comment which for the most part was necessary to the orderly trial of the case.[2]

■ Finally, appellant suggests that the trial judge improperly imparted his opinion to the jury that the defendants were guilty of a conspiracy. To support this contention, appellant refers us to six occasions when the trial judge referred to "this conspiracy." However, an examination of the record clearly shows that in using such phraseology the court was referring to the *alleged* conspiracy and that it would have been so interpreted by any reasonable person. Appellant would have us lift comments and phrases out of context as a basis for reversible error. Such a contention was rejected in Williams v. United States, 271

1. See Holmes v. United States, 271 F.2d 635, 639 (4th Cir. 1959); Virginian Railway Company v. Armentrout, 166 F.2d 400, 4 A.L.R.2d 1064 (4th Cir. 1948).

2. See Simon v. United States, 123 F.2d 80 (4th Cir. 1941).

F.2d 703 (4th Cir. 1959) and it is equally without merit on the record before us.

█ There was ample evidence to support the jury's verdicts and we can find nothing in the record which would persuade us to set aside appellant's conviction on either indictment.

Affirmed.