45 F.3d 428
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Tyrone WIMBERLY, a/k/a E. T., Defendant-Appellant.
 No. 93-5420.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 13, 1994.
Decided Jan. 3, 1995.
 
 Appeal from the United States District Court for the District of South Carolina, at Florence. William B. Traxler, Jr., District Judge. (CR-92-216-4).
 Cameron B. Littlejohn, Jr., Columbia, SC, for appellant. J. Preston Strom, Jr., United States Attorney, Mary Gordon Baker, Assistant United States Attorney, Charleston, SC, for appellee.
 Before WIDENER and NIEMEYER, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Tyrone Wimberly appeals his conviction for conspiracy to possess with the intent to distribute "crack" cocaine in violation of 21 U.S.C. Sec. 846 (1988), 18 U.S.C. Sec. 2 (1988). Wimberly's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), contending that the district court erred in denying Wimberly's motions for judgment of acquittal and for judgment notwithstanding the verdict because the evidence was insufficient to support Wimberly's conviction, and that the district court erred in refusing Wimberly's request to cross-examine his co-Defendants, but asserting that there are no meritorious issues for appeal. Wimberly was notified of his right to file a supplemental brief, but has not done so.
 
 
 2
 In evaluating the sufficiency of the evidence to support a conviction, we view the evidence in the light most favorable to the government, and determine if any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982). Furthermore, we accord the benefit of all reasonable inferences to the government. Tresvant, 677 F.2d at 1021. At trial, six Government witnesses testified that Wimberly distributed crack cocaine and received money which he turned over to leaders of an established narcotics ring. Several witnesses also testified as to Wimberly's activities as a "lieutenant" in the conspiracy, who distributed drugs to runners, and collected money from them to turn over to the conspiracy leaders. We find this evidence sufficient to support Wimberly's conviction.
 
 
 3
 We further find that Wimberly's claim of district court error in not allowing him to cross-examine two co-Defendants in an effort to elicit friendly testimony from them, when neither co-Defendant incriminated Wimberly in their direct testimony, is without merit. See United States v. Crockett, 813 F.2d 1310, 1313 (4th Cir.), cert. denied, 484 U.S. 834 (1987); United States v. Merck, 304 F.2d 771, 772 (4th Cir.1962).
 
 
 4
 In accordance with the requirements of Anders, we have thoroughly examined the entire record for any potentially meritorious issues; we have found none. We therefore affirm the judgment of the district court and uphold Wimberly's conviction and sentence.
 
 
 5
 Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C.A. Sec. 3006A (West 1985 & Supp.1994)), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that copies thereof were served both on the client and on counsel for the government.
 
 
 6
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED.