·THE STATE OF NEW JERSEY v. JACOB L. SIMON.

THE STATE OF NEW JERSEY v. FREDERICK L. KREYER.

Submitted December 5, 1903—Decided June 13, 1904.

1. Upon the trial of an indictment for the unlawful receiving of stolen goods, &c., a defendant previously convicted of the larceny testified as a witness for the state. On behalf of 'the defendant on trial, the court was requested to charge that there must be corroborative evidence of an accomplice before the jury can convict upon his evidence alone. The request was refused. On error it was held that the refusal was not ground for reversal, the rule being that although the practice of the courts is to advise juries not to convict on the uncorroborated testimony of an accomplice, yet a conviction founded on such evidence is ·strictly legal.

2. Where it clearly appears that testimony illegally admitted in the trial of a criminal cause could not have injuriously affected the defendant, the admission of such illegal testimony does not constitute a ground for reversal.

3. Where a trial judge leaves it to a jury to determine disputed questions of fact, his comments and expressions of opinion upon the testimony are not assignable for error.

On error to the Passaic Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, HENDRICKSON and PITNEY.

For the plaintiffs in error, *Z. M. Ward, Vivian M. Lewis* and *John M. Ward.*

For the state, *Eugene Emley.*

The opinion of the court was delivered by

HENDRICKSON, J. The defendants were convicted in the Passaic Quarter Sessions of the crime of unlawfully receiving stolen goods, knowing them to have been stolen, and they bring error. They were indicted separately, but the offence

charged grew out of a single transaction, and the two indict-
ments, by consent, were tried together. The entire record
has been brought up, pursuant to section 136 of the Criminal
Procedure act. *Pamph. L.* 1898, *p.* 915.

A brief statement of the facts may be desirable before dis-
cussing the exceptions. The silk mill of J. B. Ryer, Son &
Company, of the city of Paterson, was broken and entered
on May 23d, 1902, and there were stolen therefrom silk and
cotton goods of the proprietors valued at $300. The evidence
upon the trial tended to prove that three individuals, Wilson,
Kelly and Jackson, were implicated in the theft. It showed
that two days before this the parties named took possession
of a barn in the suburbs of the city, rented by them a few days
before for one month. They came there with a horse and wagon
the night of the burglary, about nine thirty o'clock. Later
they went away, returning between two and three o'clock of the
following morning with a load of goods. These were carried
into the barn, which stood in the rear of the house occupied
by a lady from whom they had rented it. The same morning,
about nine o'clock, they drove away and returned later with
three boxes, and carried them into the barn. The day after
this, which was Sunday, the defendants, Simon and Kreyer,
came to the barn and were there in company with Wilson
and Jackson. Two women, who occupied the house, testified
that the defendants remained in the barn with the others
about two hours that Sunday afternoon, and that during the
time they heard the movement of boxes and the noise of
hammering. On the Monday morning following, Wilson,
Kelly and Jackson were heard at the barn hammering and
nailing, and soon after this they loaded two boxes, containing
the goods, and carried them to Lyndhurst, a station of the
Delaware, Lackawanna and Western railroad outside of the
city, and there one of the party shipped the boxes by express
to one Levy, at Stanhope, New Jersey. The boxes were over-
taken and recovered by detectives at Newark, New Jersey,
before their delivery to Levy.

The first error alleged arises upon the admission of the

contents of a paper which was not produced and the absence of which was not accounted for. The lady of the house was permitted to testify, over objection, that the next morning, after the burglary, she found a note attached to the key hanging on her door, requesting the inmates to feed and water the horse. It is a sufficient answer to this allegation of error to say that if the admission was error at all, it was in nowise injurious to the defendants. It was the proof of a circumstance connected with the *res gestæ*, which tended alone to prove that the parties who occupied the stable were guilty of the theft. This was a proper element of proof at the trial, but aside from this circumstance the evidence clearly established the larceny, and there was no attempt to disprove it. The evidence had no tendency to incriminate the defendants who were on trial for the offence of receiving only. A plaintiff in error cannot rely upon an erroneous ruling, which does him no injury, for a reversal of the judgment. *Freeman* v. *Bartlett*, 18 *Vroom* 33; *Humphreys* v. *Woodstown*, 19 *Id.* 588; *New Jersey Traction Co.* v. *Brabban*, 28 *Id.* 691. Where it clearly appears that testimony, which was illegally admitted on the trial of a criminal cause, could not have injuriously affected the defendant, the admission of such illegal testimony does not constitute a ground for reversal. *Genz* v. *State*, 30 *Id.* 488; *Bodee* v. *State*, 28 *Id.* 140.

Nor was it error to permit evidence to be given as to the conduct of Jackson at the barn the day before the defendants were there. This evidence was offered in support of the charge that the goods were stolen, and was relevant and lawful for that purpose. Error is also assigned upon the admission of evidence that Jackson and Wilson were seen about four days after the burglary, going into the place of business of the defendant Kreyer, where they remained three-quarters of an hour. The indictments against Simon and Kreyer were tried together, and this evidence was, we think, admissible as showing the probable relations of the defendant Kreyer with the perpetrators of the burglary and as part of the *res gestæ*. 24 *Am. & Eng. Encycl. L.* (*2d ed.*) 662.

At the close of the state's case motion was made to strike out the first count of the indictment, which was for larceny, the second count being for the offence of unlawfully receiving stolen goods. This was refused and the refusal is assigned for error. The motion was irregular and was properly refused. The appropriate motion would have been to have the judge direct the jury to acquit on the first count for want of sufficient evidence to support a verdict thereon.

The next assignment is based upon a refusal to charge the following request: "There must be corroborative evidence of the witness Wilson before the jury can convict on his evidence alone." The defendant Wilson here referred to had, with others, been previously convicted of the burglary and the larceny of the goods. He was called as a witness by the state and testified to facts tending to prove the guilt of these defendants. In refusing to charge the request the trial judge said: "You can convict upon the testimony of an accomplice, and upon his testimony alone, if you are satisfied that he is telling the truth. I have already given you my views as to the testimony of this accomplice. He is a convict and a perjurer, but if your mind is satisfied that he is telling the truth, you have a right to believe him." The common law rule is in force in this state and was laid down by Mr. Justice Knapp, in *State* v. *Hyer,* 10 *Vroom* 598, as follows: "Although the practice of courts is to advise juries not to convict a defendant on the uncorroborated testimony of an accomplice, yet a conviction founded on such evidence is strictly legal." The trial judge, in another part of the charge, alluded to the great infirmity that attaches to the evidence of a man convicted of a crime and a self-confessed perjurer, as the witness was, and said: "But you have a right to consider whether what the witness said was not in line with the other circumstances of the case, so as to give them an air of veracity and truth." While the caution was not precisely in line with the usual practice of the courts, yet since the matter was one of discretion with the trial judge, this departure is not a ground for reversal. *State* v. *Hyer, supra.*

The remaining assignments of error are directed at certain portions of the judge's charge. The ground of the attack is mainly the judge's comments upon the facts and his expressions of opinion upon the evidence, unfavorable, as alleged, to the defendant. These are among the objectionable paragraphs: "You can make your inferences upon that question whether these defendants, or either of them, went down there on Sunday and inspected them and looked over five hundred dollars' worth of goods, recently newly manufactured; twenty odd portieres, ten pieces of damask, in a barn on the outskirts of the city. Is that a place where goods are on exhibition, for sale, or exchange, or barter; goods of this kind, or of this character, in a barn, on the outskirts of the town?" The use of the word "infer" in this connection is condemned, as permitting the jury to indulge in theory, unsupported by facts proven. In support of this proposition *State* v. *Goldman*, 36 *Vroom* 394, is cited. .The point held in that case was that in the proof of guilty knowledge in support of a charge of receiving stolen goods the proof must be that the defendant had knowledge, not that he had suspicions. The case of *Smith* v. *State*, 12 *Id.* 370, is also cited, where there was a reversal, because material facts were stated in the charge as proven when there was no testimony to support them. These cases are not in point. In the case on trial the court recited certain facts proven and asked the jury as to what inference they would draw from the facts upon the question of guilty knowledge. This was entirely proper. It is a familiar rule of evidence that in trials of fact the *factum probandum* may be inferred from other facts satisfactorily proved. 1 *Greenl. Evid.* 313. It may also be said that, even in a criminal case, so long as the trial judge leaves it to a jury to determine disputed questions of fact, his comments and expressions of opinion upon the testimony are not assignable for error. *Engle* v. *State*, 21 *Vroom* 272; *Donnelly* v. *State*, 2 *Dutcher* 463; *Bruch* v. *Carter*, 3 *Vroom* 554; *Castner* v. *Sliker*, 4 *Id.* 95, 507; *Smith* v. *State, supra.* But it is urged that it was error in the court

to state, as a fact, to the jury that the defendants, on that Sunday, were at the barn for one hour and thirty minutes; that while the evidence of the state was that they were there that length of time, the evidence of the defendants limited the time to twenty minutes; that such a statement by the court was misleading. The answer to this is that we.do not find that the court charged in the way stated. The judge stated the evidence of both sides upon that question and left the matter of time to the jury in these words: "This may help you in determining whether or not these defendants spent twenty minutes at that barn in refusing that loan or whether they spent an hour and thirty-five minutes in measuring these goods and arranging their business." It is further urged that, in this question to the jury and in another part of the charge, there is an assumption of fact that the defendants were engaged at the barn in "measuring these goods" and "arranging business" without any evidence to support it. But it is plain from a reading of the charge in connection with these paragraphs that the judge does not state these as facts in evidence at all, but was merely raising a question for the jury, in the light of the evidence, as to which of the two theories as to what was going on in the barn while the defendants were there was the more probable one.

Since the assignments of error are the same in both cases, and they were argued together, they are both disposed of by this opinion. The result is that the judgments are affirmed. The record will be returned to the Passaic Quarter Sessions that further proceedings may be had thereon according to law.