## THE STATE v. LOUIS LIEBERMAN.

Submitted July 8, 1910—Decided March 23, 1911.

1. Mere remoteness of time is not a ground for excluding a conver-
   sation which is otherwise admissible in evidence.
2. The refusal at the close of the state's case to discharge a de-
   fendant in a criminal trial, although reviewable on error when
   the proceedings had upon the trial are brought up by the writ,
   will only justify a reversal of the conviction when there were no
   facts proper to be submitted to the jury which would support a
   conclusion of guilt.

3. The defendant is not entitled, as a matter of right, to have the very language of a legal request submitted by him charged to the jury. All that he may insist upon is that the court shall correctly instruct the jury with relation to the subject-matter embraced in the request.

4. A jury may convict a prisoner upon the testimony of an accomplice alone, if, in its judgment, such testimony is entirely credible and worthy of belief.

On error to the Passaic Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the plaintiff in error, *Michael Dunn.*

For the state, *Eugene Emley,* prosecutor of the pleas.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff in error, together with his brother Isaac Lieberman, Philip Goldberg and Benjamin Winer, were indicted for a criminal conspiracy, the purpose of which was to burn the soda water factory of one Morris Renzler, in the city of Passaic. The indictment was *nolle prossed* as to Goldberg and Winer and the trial proceeded against the two Liebermans. Louis was convicted and Isaac was acquitted.

The first assignment of error argued challenges the admission of testimony given by Morris Renzler of conversations with the Liebermans, the purpose of which was to show that they were rivals in business and entertained hard feelings toward him. The contention is that this testimony was irrelevant and immaterial because the conversations took place more than two years before the alleged conspiracy was entered into. They were admissible for the purpose of showing motive. The remoteness of the time when they were had goes solely to their weight and not to their admissibility. *State* v. *Schuyler,* 46 *Vroom* 488.

The next assignment of error is directed at the refusal of the trial court to direct a verdict of acquittal in favor of the de-

fendant Isaac Lieberman at the close of the state's case. Conceding that there was error in this refusal it affords no ground for a reversal of the conviction against Louis. The case comes up under the one hundred and thirty-sixth section of the Criminal Procedure act, and that section provides that no judgment given upon any indictment shall be reversed for any error except such as shall or may have prejudiced the defendant in maintaining his defence upon the merits. The refusal to direct an acquittal of Isaac manifestly could have had no such effect upon Louis' case.

It is next argued that the court erred in refusing to direct an acquittal of Isaac at the close of the whole case; but this is based upon a palpable misunderstanding of the action of the trial court. In the charge to the jury, the court, speaking of the case against Isaac, said: "There is so little evidence against him that the court feels it its duty to direct you to acquit him, for if he were convicted in this case the court feels that it could not conscientiously impose any sentence upon him, because so far as he is concerned, there is not sufficient legal evidence to convict him. * * * I do not think there is sufficient legal evidence against Isaac, and the court will direct you to return your verdict to acquit him. That leaves this charge of conspiracy against Louis alone."

The next contention is that the court erred in refusing to discharge Louis at the close of the state's case. Whether or not the defendant on the trial of an indictment against him shall have a verdict directed in his favor at the close of the state's case is a matter resting in the discretion of the court. *State* v. *Jaggers*, 42 *Vroom* 281. Under the provision of section 136 of the Criminal Procedure act a court of review is required to consider, among other things, whether the defendant has suffered manifest wrong or injury in the denial of any matter by the trial court which was a matter of discretion. This provision applies to a refusal to direct a verdict at the close of the state's case, but it brings into review only the question whether upon the evidence as it stood when the motion was made there was a case for the jury. *State* v. *Jaggers, supra*. Our reading of the case satisfies us that the proofs submitted on the part of

*51 Vroom.*                    State v. Lieberman.

the state were sufficient to justify and require the submission of the case to the jury, and that, consequently, the refusal of the request did no manifest wrong or injury to the plaintiff in error.

The next contention is that the court erred in refusing to charge the following request: "If a reasonable doubt is raised, even by inconclusive evidence, the defendant is entitled to the benefit thereof, and the jury must acquit him of the crime charged." The court refused to instruct the jury in the language of the request, but charged that "if there is a doubt raised after due consideration of the evidence, the defendant is entitled to it; if a reasonable doubt is raised, the defendant should have it and he should be acquitted." This was an accurate instruction. The defendant was not entitled as a matter of right to have the very language of his request adopted by the court. All that he was entitled to was that the court should correctly instruct the jury with relation to the subject-matter embraced in the request, and this the trial judge did.

It is further contended that the court erred in refusing to charge the jury as follows: "The jury ought not to convict the defendant on the testimony of an accomplice unless the same is corroborated." This request was properly refused, for it is not a correct statement of the legal rule. The jury have the right to convict on testimony of an accomplice if, in their judgment, the testimony is entirely credible and worthy of belief. A similar request was held to have been properly refused in the case of *State* v. *Hyer,* 10 *Vroom* 605.

It is further asserted that the trial court committed error in using language in its charge which tended to coerce the jury into an agreement. What the court said was this: "Whatever you do, gentlemen of the jury, you should come to a conclusion. I think I may say, and I think there is evidence for me to say, that this case, which is now being tried for the second time, is a case of great importance. These defendants are charged with a serious crime, and I request you, gentlemen of the jury, to come to a conclusion one way or the other." We agree with the contention of counsel for plaintiff in error that

it is improper for the court to attempt by its charge to coerce the jury into reaching a verdict. We do not, however, consider that the language cited can be fairly said to have had this effect. No issue of fact, either in a civil or criminal case, is unsolvable. The parties to a litigation are entitled to have it decided. It is just as much the duty of a jury to reach a conclusion on an issue of fact as it is the duty of the court to reach a conclusion on an issue of law. Presumably, the jury in the case now under consideration was as well able to reach a conclusion as any other twelve men who could have been selected. In what the court said to the jury there was no threat and no attempt at coercion. It was a mere statement of the duty which the jury had taken upon themselves when they entered the jury box. We do not think there was anything of error in this excerpt from the charge.

Other assignments are referred to in the brief of counsel for the plaintiff in error. They have received very slight discussion at his hands, however, and do not seem to us of sufficient importance to justify any specific reference at our hands. It is enough to say that we have considered them and find them without merit.

The judgment under review will be affirmed.