STATE OF NEW JERSEY v. JAMES BOSSONE.

Submitted July 1, 1915—Decided December 15, 1915.

1. Where the record shows that an indictment was found in the Oyer and fails to show an order sending it to the Sessions for trial, but shows that the defendant pleaded in the Sessions an objection for the apparent irregularity is waived.
2. A motion to quash an indictment found in the Oyer is not a proper way to raise an objection to a trial in the Sessions.
3. The granting of a severance to a co-defendant and a refusal to postpone the trial are matters within the discretion of the trial judge.
4. In an indictment for burglary it is not error to refuse a demand of the defendant for a "bill of particulars," when what he really seeks is that the state elect the count on which it will ask a conviction.
5. It is proper for a prosecutor in opening a case against one defendant, after a separate trial has been granted a co-defendant, to state that he intends to try the co-defendant or make some disposition of the indictment as to him.
6. It is proper on an indictment for burglary, containing also a count for larceny, to prove that certain jewelry was stolen, even though it is not specified in the count for larceny.
7. Questions asked of a witness on cross-examination as to his guilt of other crimes without asking if he had been convicted thereof, are properly excluded. *State* v. *Barker*, 68 *N. J. L.* 19, followed.
8. It is not error to charge that a defendant may be convicted on the unsupported evidence of an accomplice.

---

On error to the Monmouth Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and BERGEN.

For the plaintiff in error, *Thomas P. Fay.*

For the state, *Charles F. Sexton.*

The opinion of the court was delivered by

SWAYZE, J.   The objection that the Court of Quarter Sessions did not have jurisdiction to try the case because the indictment was found in the Oyer and no order was made sending it to the Sessions for trial is untenable in the face of our repeated decisions. *Winters* v. *State,* 61 *N. J. L.* 613; *State* v. *Polhemus,* 65 *Id.* 387; *State* v. *Goldman, Id.* 394; *State* v. *Woods,* 66 *Id.* 458; *State* v. *Turner,* 72 *Id.* 404; *State* v. *Spina,* 75 *Id.* 270.   The attempt to differentiate the case by the fact that the plea of not guilty was withdrawn and a motion to quash made on the ground that there was no order of the Oyer and Terminer sending the case to the Sessions for trial, is ineffectual for two reasons—*first,* because under the authorities cited the plea entered in the Sessions amounted to a waiver of the irregularity which could not afterwards be withdrawn; *second,* because even if the waiver could have been withdrawn, there was no reason for quashing the indictment.   Confessedly, that had been properly found in Oyer; it might have to be tried there, but could not be quashed even if the prosecutor had erred in bringing it on for trial in the Sessions.   The indictment could not be vitiated by action subsequent to its finding.   The defendant's motion was not the proper way to present the question.   All he could do, if his view was correct, was to object to the trial in the Sessions, and he had waived this right, if he ever had it, by pleading in that court.

The granting of a severance to the co-defendant, and the refusal to postpone the trial, were matters entirely within the discretion of the trial judge.   This discretion was not abused in this case.

There was no error in refusing to compel the state to furnish a "bill of particulars," as counsel calls it. What he seems to have wanted was that the state elect the count on which it would ask for a conviction. This was done in time.

It was proper for the prosecutor in opening to state that he intended to try the co-defendant under the indictment or to make a disposition of it. He was entitled to explain to the jury why both defendants were not on trial when both had been indicted.

It was proper to prove under the count for burglary what jewelry was stolen, whether it was specified in the count for larceny or not. The fact might be a very important circumstance tending to prove the crime of burglary.

The evidence as to defendant's knowledge that Mrs. Cubberly had a bull dog was all stricken out.

The statement of Zump was entirely harmless, and if the refusal to strike it out was error it was harmless error.

The exclusion of questions asked of Criscuolo, on his cross-examination, as to his being guilty of other crimes without asking if he had been convicted thereof, might raise the interesting question so well discussed by Professor Wigmore, sections 979 and following, were it not already settled adversely to the defendant by a decision of this court. *State* v. *Barker,* 68 *N. J. L.* 19, 27. We there said that we had no doubt that similar questions asked by the prosecutor of the pleas of the defendant were incompetent and should have been excluded, and we sustained the judgment only because the defendant's negative answer prevented any prejudice to his defence on the merits. *A fortiori,* similar questions asked, not of the defendant but of a witness, are incompetent. In the face of State *v.* Barker, it is idle to cite cases from other jurisdictions. The ruling of the trial judge was correct.

There was no error in charging that the defendant might be convicted on the unsupported evidence of an accomplice. *State* v. *Hyer,* 39 *N. J. L.* 598; *State* v. *Lieberman,* 80 *Id.* 506. The trial judge properly cautioned the jury as to the weight to be given to such evidence.

The judgment is affirmed.