THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. JAMES BOSSONE, PLAINTIFF IN ERROR.

Argued June 23, 1916—Decided November 20, 1916.

On error to the Supreme Court, whose opinion is reported in 88 *N. J. L.* 45.

For the plaintiff in error, *Thomas P. Fay.*

For the defendant in error, *Charles F. Sexton.*

PER CURIAM.

The judgment of the Supreme Court is affirmed, for the reasons stated in the opinion of Mr. Justice Swayze. One of the questions in the case was the right of counsel to cross-

examine a witness as to his connection with or commission of particular criminal acts. The questions that were put to one of the state's witnesses were, "You were in the Baff murder case, weren't you?" "How many times have you been arrested for murder?" "Didn't you rob Dr. Maoni's place?" "Did you shoot a push-cart man?" Each of these questions was objected to by the prosecutor and the objections sustained, and these rulings the Supreme Court rightly held to be correct upon the concrete case before it, in which each of the questions put to the witness concerned his relation to a particular criminal act that had no direct bearing upon the question of his veracity.

This disposes of the case before us upon this point, so that any discussion of the discretionary rule that obtains in some jurisdictions when the criminal conduct sought to be inquired into, amounts to a mode of life that has a direct bearing upon the question of veracity would lead to nothing but *dicta* upon a matter that is of too much importance to be hampered by such *obiter* comments.

On the question of the jurisdiction of the Sessions to try the indictment, which it had received under the statute, we think that, regardless of the considerations dealt with in the opinion of the court below, the statute confers such jurisdiction.

*For affirmance*—THE CHANCELLOR, GARRISON, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, TAYLOR, GARDNER, JJ. 11.

*For reversal*—None.