THE STATE, DEFENDANT IN ERROR, v. SIMON BIEN, PLAINTIFF IN ERROR.

Argued November 22, 1920—Decided February 28, 1921.

1. It is not an abuse of discretion for the trial court to permit counsel for the state in a criminal case to cross-examine a witness called by him, relating to testimony given contrary to a previous statement made by the witness to such counsel, to his surprise, and on which he had a right to rely when the witness was called, the effect of which was to make him a hostile witness.

2. When, at the close of the state's case, the defendant offers no testimony and declines to sum up the case to the jury it was not error requiring a reversal to permit counsel for the state to make a fuller opening, reserving to defendant the right of reply.

3. The inferences to be properly drawn from the refusal of defendant in a criminal case to testify in his own behalf are not overcome by his plea of not guilty to an indictment charging a crime. Such a plea does not prevent him from testifying, and it is from a refusal to avail himself of that right, when he can deny any material fact tending to show guilt, that the inference that he cannot deny the charges against him may be drawn.

4. The instruction to a jury was that if after consideration of all the evidence they find that they are not convinced of the guilt of the accused, then it may be said a reasonable doubt exists, and that the defendant is entitled to it, and if under such circumstances they are convinced of his guilt, and there is no reasonable doubt, they should convict. This in its entirety is not properly subject to the criticism that it excludes the question of reasonable doubt until the jury have decided whether defendant is guilty or not.

5. A request to charge that defendant could not be convicted on the uncorroborated testimony of an accomplice was properly refused.

On error to the Supreme Court.

For the plaintiff in error, *Harry Weinberger* and *Merritt Lane.*

For the defendant in error, *Archibald C. Hart* and *Thomas J. Huckin.*

The opinion of the court was delivered by

BERGEN, J. The plaintiff in error was convicted of the crime of keeping a disorderly house, and the judgment brought under review by the writ of error in the cause was entered on the second count of the indictment charging the disorderly conduct to be gambling with cards and dice. This the Supreme Court affirmed and the judgment of that court is here for review based on assignments of error and specification of causes under section 136 of our Criminal Procedure act. There was a demand for a bill of particulars before trial which resulted in a reply that defendant was the owner of

the right to use, and in the possession of, a pavilion in the rear of a hotel known as the "Halfway House," located at Carlstadt, in this state, and employed certain persons, naming them, who at his request and by his direction there carried on certain gambling games. The alleged errors which were argued and necessary for us to consider in properly disposing of the case are as follows:

1. That the trial court refused to direct a verdict of acquittal at the close of the case. This was not error because there was testimony from which the jury might infer that the defendant was in possession of, or had the right to use, the pavilion, and that he there, with the assistance of his employes, carried on and permitted gambling, against the prohibition of the statute relating to gaming, and, therefore, the refusal to direct an acquittal was not error.

2. That counsel for the state was permitted to cross-examine one of its witnesses concerning a matter testified to by him which differed from his statement claimed to have been made to counsel for the state during preparation for the trial. From this statement the state expected this witness to testify that the defendant and the owner of the premises came with other parties from New York by automobile to the pavilion on the day it was raided by order of the authorities of the state, and that defendant paid the ferry charges, but the witness testified that one of the party, not the defendant, paid the charges. To the testimony relating to the payment of the ferry charges counsel for the state expressed surprise, and was allowed to cross-examine the witness, over the defendant's objection, concerning the statement privately made to counsel for the state, and the witness was asked: "Did you not state yesterday at the prosecutor's office that Rosenfeld paid the expenses on the ferry?" To which he replied, "Yes, sir." The ground of the objection made is that while this testimony was immaterial, its effect was prejudicial to the defendant. If the testimony was immaterial, we fail to see how the defendant could have been injured by the cross-examination, if it resulted in showing that he paid the charges. If it was material the evidence was admissible to discredit

the adverse effect of the testimony of the witness called by the state in reliance on his statements previously made to the prosecutor of the pleas, who was surprised by the adverse testimony of the witness. It was not competent as proof of the truth of the original statement, but that the state had been misled in introducing the evidence. We think the evidence was not material, but it had no effect on the question of the guilt or innocence of the defendant, and that there was no error in permitting the cross-examination complained of.

3. That a witness, who had been indicted as owner of the premises, and permitted gambling there, was allowed to testify that defendant had promised to help raise a fund necessary to prosecute his appeal if he should be convicted. The Supreme Court held that this testimony was relevant, and with this we agree as showing defendant's connection with conducting the disorderly house.

4. That the defendant offered to submit the case to the jury at the close of the state's case without argument, and having done this it was error to allow the prosecutor to sum up the case to the jury. We think this was not error. It amounted to nothing more than a fuller opening to which, under such circumstances, the defendant might have replied, subject to further argument by the party holding the affirmative. *New York and Long Branch Co.* v. *Garrity*, 63 N. J. L. 50. Whether such a proceeding shall be allowed in a given case is largely a matter addressed to the discretion of the trial court and we do not think it was abused in this case. This court said in *Hackney* v. *Delaware and Atlantic Tel. Co.*, 69 *Id.* 335, 341: "We think the true rule is stated in the case of *Garrity* v. *New York and Long Branch Co.*, 34 *Vroom* 50." In the case thus approved the court said: "It is always in the discretion of the court, when such a case arises, to permit the making of a second argument, or rather to state it more accurately, to make a fuller and more complete opening."

5. That the court erred in its charge relating to the failure of the defendant to offer himself as a witness. What the court said was: "When the accused is upon trial and the

evidence tends to establish facts, which, if true, would be conclusive of his guilt of the charges against him, and he can disprove it by his own oath as a witness; if the fact be not true, then his silence would justify a strong inference that he could not deny the charges." There was proof that the defendant was in possession of the premises where gaming was carried on, and that he was the employer of the persons engaged in assisting him in conducting gambling. These were material facts tending to show defendant's guilt, and would do so conclusively if the jury believed the testimony. The plaintiff in error argues that he might admit the facts proven against him, nevertheless, they would not be conclusive of his guilt. This argument is fallacious under the above-stated facts. Nor is it sufficient, as plaintiff in error argues, that as he had denied his guilt by pleading not guilty to the indictment, he was entitled on the trial to the benefit of such a denial to the same extent as if he had testified in contradiction of all material facts, but that is not so because the plea was not under oath, nor was he subject to any cross-examination. It is also argued, in support of this writ, that the court erroneously instructed the jury upon the absence of proof to controvert the case made by the state, and the failure of counsel to make any argument on the facts. What the court said, thus challenged, was no instruction to the jury, but a mere comment on the situation of the case with which the jury had to deal, for it was true that the defendant had not testified on his own behalf nor offered any witness, and his counsel had declined to make any argument upon the facts. This was not an instruction or ruling and there was no error available on this writ.

6. That the court improperly refused to charge as requested, "the fact that the defendant fails to testify or fails to produce any witness, but rests his case upon the evidence produced by the state, does not raise any presumption of guilt. Notwithstanding such failure the defendant is entitled to the presumption of innocence which must continue until you have found him guilty beyond a reasonable doubt from the facts and testimony produced on the trial." This

request involved two distinct propositions of law, and if either was improper it was not error to refuse it. The defendant was not entitled to have the jury instructed that where defendant rests his case upon the evidence produced by the state no presumption of guilt arises. The rule in this state is that, in a proper case, the failure of the defendant to testify may be commented on as tending to establish facts which would justify a strong inference that defendant could not deny the charges. The request in any case must be applied to the facts, and in this case if the facts proven by the state justify an inference of guilt, the presumption of innocence would not remain simply because the defendant declined to testify and deny facts conclusively showing his guilt. As to the proposition relating to the presumption of innocence, that was fully charged by the court.

7. That the court improperly instructed the jury as follows: "Now, the defendant comes into the trial with the presumption of innocence, and the jury is not to find him guilty unless they are satisfied of his guilt, as the law says beyond a reasonable doubt." The criticism advanced is that this instruction must be taken in connection with the request last dealt with, but that is not the proper view to take of the relation of the instruction to the request; what the court was then dealing with was the presumption of innocence to which the defendant was entitled, and the legal rule was properly stated.

8. That the court improperly defined reasonable doubt as follows: "When a jury, after they have carefully considered all the evidence and rejected what they consider unreliable and adopted what they consider reliable, find that they are not convinced of the guilt of the accused, then it may be said that a reasonable doubt exists and that the defendant is entitled to the benefit of it. If they are, under those circumstances, convinced of his guilt, and there is no reasonable doubt, then they ought to find him guilty." The plaintiff in error argues that the effect of this charge was to instruct the jury that it was only when after a consideration of the evidence the jury are not convinced of guilt that a reasonable

doubt may be said to exist. But this argument omits consideration of the concluding clause of the paragraph, which is, that if the jury "are under those circumstances convinced of his guilt and there is no reasonable doubt, then they ought to find him guilty," which clearly means that if the jury are convinced, beyond a reasonable doubt of guilt, then they ought to so find. It is not true, as the plaintiff in error argues, that under this charge reasonable doubt has no effect until the jury are convinced of the defendant's guilt, for they could not have then followed the entire instruction and be convinced of his guilt if they had a reasonable doubt of it.

9. That the court erred in charging the jury by using arbitrary illustrations from which ownership, and the relation of servant and employer, might be implied. There is no merit in this objection because what the court said on this subject was a mere comment on the evidence and the jury were not instructed to accept the illustrations as proof in the case.

10. That the court refused to charge as requested, "The jury are never to convict the defendant upon the evidence of an accomplice only unless he is confirmed as to the particular person charged with the offence." To this the court responded, "That may be true and I am willing to charge it. With respect to the testimony of the mere customers of the establishment, I am willing to say to you that anyone who was there simply as a customer was an accomplice. But you can not very well say that these private detectives, who were there for the purpose of ascertaining whether gambling was going on, and participated in, the practice to make sure that it was being run as a disorderly house, ought to be classed as accomplices." The point made by the plaintiff in error is, that the effect of this charge was to place the evidence of detectives upon a higher plain than the evidence of customers. The answer to this is, that if we assume that the detectives were accomplices, nevertheless, the jury may convict upon their testimony without corroboration if they believe their testimony, and a verdict based upon the uncorroborated testimony of the accomplices would be a legal verdict, although it is customary to instruct the jury to accept the uncorroborated tes-

timony of an accomplice with caution as he might, for his own protection, throw the blame from his own shoulders to that of another. Such caution was not given in this case, but we are merely dealing with the request which did not include any suggestion that the jury should be so cautioned; all the request contained was that the jury should never convict upon the evidence of an accomplice unless corroborated. This the court was not bound to charge, although it did, and it was not requested to caution the jury regarding the acceptance of the testimony uncorroborated.

11. That the court erred in its charge respecting the bill of particulars. The court, in substance, charged that while the defendant should not be convicted upon a fact which was without the scope of the bill of particulars it was not necessary that they should find defendant guilty of everything charged in the bill, and by way of illustration stated that the bill charged that the defendant was the owner of the right to use the pavilion, and that during the time the alleged crime was committed was in possession of the defendant, but that it was not necessary to find both of these particulars because it would be sufficient if they found that the defendant was the owner, or, if not, that it was in the possession of the defendant. The plaintiff in error argues that the bill of particulars was conjunctive and not disjunctive, and that the state was bound to prove both propositions. This we do not agree to, for the bill of particulars is not an indictment and the particularity of the expressions required in an indictment does not apply to a bill of particulars.

12. That the charge as a whole was prejudicial to the defendant. If so broad a proposition as this can be considered, we find nothing in it so prejudicial as to justify supporting the assignment of error, and as to the specifications of causes under section 136 of the Criminal Procedure act, we do not find any such manifest wrong or injury which the defendant suffered as to require its application. The charge may be open to the criticisms that the trial judge was of opinion that the evidence indicated defendant's guilt, but if so, that was not error. *State* v. *Seifert,* 86 *N. J. L.* 706.

Finding no injurious error available to defendant in the record the judgment will be affirmed.

*For affirmance*—SWAYZE, TRENCHARD, BERGEN, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, JJ.    7.

*For reversal* — THE CHANCELLOR, KALISCH, TAYLOR, JJ.    3.