STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. DAVID FEARCE, PLAINTIFF IN ERROR.

Argued April 6, 1934—Decided May 4, 1934.

For the plaintiff in error, *Charles H. Walker.*

For the state, *Jonas Tumen,* prosecutor of the pleas, and *J. Victor Carton,* assistant prosecutor.

The opinion of the court was delivered by

PARKER, J. The plaintiff in error was convicted on an indictment for murder, and brings this writ of error. The case is before us on a strict bill of exceptions, there being no

certificate of the entire record of proceedings at the trial. In fact, the testimony is not contained in the printed book, but only the charge of the court, defendant's requests to charge, and four exceptions to portions of the charge. At the argument it was pointed out to counsel that no exception appeared to have been signed or sealed by the trial judge, and the court permitted him to procure a sealed bill of exceptions and submit the same after the argument. This has been done: and we now find not only the exceptions as printed, but also exceptions to the court's refusal to charge the first, second and third requests to charge. With respect to these last, it is sufficient to say that they are not assigned for error, and therefore are not properly before us. *State* v. *Swiller*, 91 *N. J. L.* 345; *State* v. *Nixon*, 86 *Id.* 371, 373; *State* v. *Grace*, 98 *Id.* 341. Moreover, they are not argued before us, the entire argument and all the assignments of error being predicated on what the judge said, and not on what he refused to say.

Taking up the assignments *seriatim* as argued: the first quotes some remarks of the court about assigning counsel to defend the accused. There is no exception to support this. The same is true of the second and third relating to character evidence and the remarks of the court on that subject. As to the fourth, the exceptions prayed, as now before us, read as follows:

"I respectfully except to that part of the judge's charge as refers to the burden being on the defendant to prove his alibi." And: "The defendant further excepts to the statements of the court regarding an alibi, upon the ground that the burden of proving that the defendant was at the scene of the murder never shifted from the prosecution."

When the language of the court, as quoted in the fourth assignment of error, is read, it will be clear that there is nothing therein contained which can be construed to amount to an intimation to the jury that the burden of proving an alibi is on the defendant. The language is as follows: "The testimony of the state—I don't think I should review any

evidence but the testimony of the state, as near as I can recall the purpose of the testimony is, and I want you to use your own ideas as to the purpose of the testimony and your own understanding as to what the evidence was, but it seems to me the state has endeavored to prove to you by testimony that this defendant, Fearce, and the companion with him, Jackson or Litman according to what name he was, did hold up or attempt to rob and, in fact, did rob Potts, and in that robbing Potts was killed. Of course the defendant absolutely denies it, said he had nothing to do with the murder and was not there. I may have my own idea—in fact, I have a pretty strong idea as to the facts in this case, but I don't intend to express them to you. That is his defense."

It is further argued in respect to this extract that the court was in effect directing a verdict of guilty. The language supports no such interpretation. It was comment, and of the kind expressly recognized as legitimate in this state. *State* v. *Overton*, 85 *N. J. L.* 287; *State* v. *Corrado*, 113 *Id.* 53.

The fifth and sixth assignments of error, if they have any basis at all, must be considered as founded upon the second exception to the charge, which reads as follows:

"The accused excepts to the remark of the court as to the right of the jury not to bring in a verdict of manslaughter."

This exception is rather vague and is applicable either to a portion of the charge quoted in the fifth assignment of error, or to that portion of the charge quoted in the sixth assignment of error.

The first of these passages reads as follows: "It seems to me, ladies and gentlemen, while I must give you the definition of manslaughter and tell you that if the circumstances in this case warrant bringing in a verdict of manslaughter and no other verdict, you should bring in that verdict, but it seems to me there is no pretext in this case that under which you can bring in a verdict of manslaughter, and you are to determine the fact of the case irrespective of comments of mine."

The second reads as follows: "Secondly, if the law and evidence warrant it, you may bring in a verdict of manslaughter.. As I told you before I don't see how you can do it, but you are the judge of the facts and I don't want you to be influenced by such command."

It seems very doubtful whether the exception plainly directed the mind of the court to either of these passages of the charge. *Associates* v. *Davison,* 29 *N. J. L.* 415; *Allaire* v. *Allaire,* 39 *Id.* 113. Assuming the sufficiency of the exception and dealing with both these assignments on their merits, two things are clear. The first is that a reading of these portions of the charge with their context makes it clear that the judge did not control the jury on the subject of manslaughter; and the second is that from the portion of the charge quoted above in connection with the alibi point, it is quite clear that the state's proof was directed to the showing of homicide in the act of committing a robbery, in which case the crime, by statute, is specifically murder in the first degree, and if on that theory the court be considered as having charged the jury definitely that they could not convict of manslaughter, that charge was legally correct. *State* v. *Valentina,* 71 *N. J. L.* 552; *State* v. *Pulley,* 82 *Id.* 579; *State* v. *Moynihan,* 93 *Id.* 253. No other theory except alibi, and consequent innocence, is indicated by what is before us.

The seventh assignment of error appears to be based upon the third exception to the charge, which reads as follows:

"The third exception is to the charge of the court regarding the law of this state regarding an accomplice requiring his testimony to be corroborated by other witnesses, and not stating that in the event that the testimony of the accomplice was not corroborated the defendant or accused was entitled to a verdict of acquittal."

What the court charged on this point was as follows: "Mr. Walker asked me to charge you concerning the evidence of an accomplice. I don't think the evidence warrants you in finding that there were accomplices in this particular case. However, you may determine as a fact that some of the other

people who testified were accomplices. The defendant did not say that they were accomplices of his. If you find there was an accomplice his testimony must be supported by evidence other than his own word. That is the law in this state."

It will be observed that the exception is not so much as to what the court said as to what the court did not say, and, as has already been pointed out, we are not considering the requests to charge on this writ of error. Moreover, the request on this subject was as follows: "That the jury should not convict the defendant upon the uncorroborated testimony of an accomplice." The charge of the court was substantially in accord with this request, and was more favorable to the defendant than it should have been. "A jury may convict a prisoner upon the testimony of an accomplice alone, if, in its judgment, such testimony is entirely credible and worthy of belief." *State* v. *Lieberman,* 80 *N. J. L.* 506; *affirmed,* 82 *Id.* 748. The request as proffered could rightfully have been denied altogether.

The last assignment of error merits no consideration. It is merely in general terms and alleges that the charges of the court was unfair, biased, prejudiced and tended to create in the minds of the jury a false impression of some kind. This specifies nothing and carries no legal weight.

The judgment of conviction is affirmed.

*For affirmance*—The Chancellor, Chief Justice, Trenchard, Parker, Lloyd, Case, Bodine, Donges, Van Buskirk, Hetfield, Dear, Wells, JJ. 12.

*For reversal*—Heher, Perskie, Kays, Dill, JJ. 4.