THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. ARTHUR O'TOOLE, PLAINTIFF IN ERROR.

Submitted January Term, 1934—Decided September 27, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and HEHER.

For the defendant in error, *John Drewen (Emil W. A. Schumann,* of counsel).

For the plaintiff in error, *George E. Cutley.*

PER CURIAM.

Plaintiff in error was convicted upon an indictment charging embezzlement. The appeal comes into this court on a strict writ of error. The record before us is meager and unsatisfactory. It contains writ of error, return thereto, and some docket entries. None of the testimony is included in the record.

It also appears that a "motion for arrest of judgment of sentence" was made and denied. No reason in support of such motion appears in the record although from a reading of the brief of plaintiff in error the motion for arrest of judgment and the denial thereof appear to be the crux of the appeal. There is no exception taken to the court's ruling. Although it seems that the motion was denied after the court heard evidence on it and the argument of counsel, no testimony on this motion is presented to us on the record submitted.

The sole ground urged for reversing the conviction of plaintiff in error is that he never entered a plea to the indictment.

A motion in arrest of judgment should point out the specific errors upon which the motion is based. 23 *Cyc.* 834.

Whether or not this procedure was followed we have no way of knowing because nothing in the record apprises us of what actually happened. There is no record of the main case which was tried on October 16th, 1933, or the motion for arrest of judgment, which matter was heard on November 2d, 1933, except a bare statement of the latter. We have no way of knowing upon what ground the motion was supported or upon what ground it was denied and, consequently, cannot determine whether or not the trial court committed error in denying the motion.

Now an assignment of error in order to be available must be supported by exceptions which should appear in the record under the certificate and seal of the trial court. *Donnelly* v. *State,* 26 *N. J. L.* 463; *State* v. *Morgan,* 85 *Id.* 387; 91 *Atl. Rep.* 988; *State* v. *Hart,* 90 *N. J. L.* 261; 101 *Atl. Rep.*

278; *State* v. *Fearce,* 113 *N. J. L.* 155; 172 *All. Rep.* 575. Failing this, there is nothing for this court to review.

No error is properly set up or exhibited and the conviction is therefore affirmed.