THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. WILLIAM H. MASON, PLAINTIFF IN ERROR.

Submitted May 11, 1934—Decided October 2, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and BODINE.

For the plaintiff in error, *William A. Slaughter* and *Norman W. Harker.*

For the state, *Howard Eastwood,* prosecutor of the pleas.

The opinion of the court was delivered by

PARKER, J. The plaintiff in error was convicted on an indictment in four counts, of which the first was withdrawn and the conviction rested on the other three.

The case is submitted on briefs, and as though it were before us on a certificate of the entire record of proceedings at the trial, pursuant to sections 136 and 137 of the Criminal Procedure act. *Comp. Stat., pp.* 1863 et seq. But we find no such certificate. All that appears is a certificate by the county clerk of the "indictment and proceedings" as on file in his office. This is not sufficient. The practice pointed out in such cases as *State* v. *Clark,* 75 *N. J. L.* 473; *State* v. *Armstrong,* 88 *Id.* 280; *State* v. *Ramage,* 91 *Id.* 435, and *State* v. *Chiaccio,* 4 *N. J. Mis. R.* 63, has not been followed. Hence the case is before us, if at all, on strict writ of error and bill of exceptions. It follows that the rather extended argument that the verdict is against the weight of evidence, based on chapter 349 of the laws of 1921 (*Pamph. L., p.* 951) is not available for reversal, as that act applies only to cases brought up under sections 136 and 137. It follows, further, that the assignments of error, to be available, must be supported by exceptions authenticated by the signature and seal of the trial court. *State* v. *Hart,* 90 *N. J. L.* 261; *State* v. *Fearce,* 113 *Id.* 155; 172 *Atl. Rep.* 575; *Lowenstein* v. *Lohman,* 109 *N. J. L.* 215; *Lyon* v. *Fabricant,* 113 *Id.* 62; 172 *Atl. Rep. Rep.* 567; *Donnelly* v. *State,* 26 *N. J. L.* 463, 511; *State* v. *Morgan,* 85 *Id.* 387.

There are forty-four "reasons or specifications of error" (so entitled in the printed book) which may be assumed to be cognizable as assignments of error. Of these, something over half are argued, *currente calamo* for the most part, as though exceptions had been duly prayed and sealed. But a careful examination of the transcript discloses that in many cases an exception was not prayed, and that in not one of them was any exception signed and sealed as required by the practice.

When there is a "certificate of the entire record of pro-

ceedings at the trial" the reviewing court has before it a blanket certificate by the trial court of all rulings at the trial. Failing this, there is nothing on which the reviewing court may proceed unless there is a bill of exceptions. Failing both of these, there is nothing to review. That is the situation here. No error is properly exhibited, and the conviction is therefore affirmed.