STATE OF NEW JERSEY, PLAINTIFF IN ERROR, v. JAMES HOGAN, DEFENDANT IN ERROR.

Submitted May 31, 1935—Decided October 9, 1935.

For the state, *Daniel O'Regan,* prosecutor of the pleas.

For the defendant, *Richard Doherty.*

PER CURIAM.

We conclude that the judgment should be affirmed, and for the meritorious reasons stated in the opinion of the Supreme Court, and principally the exclusion of relevant and competent questions on cross-examination of a state's witness.

It is urged for the state, that the certificate of the trial judge is inadequate to bring up the case under section 136 of the Criminal Procedure act. But conceding this for present purposes, the formal exceptions are adequate, and we agree that they exhibit clear error at the trial.

But it is now urged that we should not consider the exceptions on which the reversal in the Supreme Court was based, *i. e.,* exceptions to the exclusion of questions asked by the defense on cross-examination of the state witness Gourley, because no ground for exception was stated at the trial. The answer is that it was not necessary that counsel of his own motion state a ground for excepting to an erroneous ruling of the court—in this case the exclusion of questions asked by him, objected to by the state without giving any ground of objection, and excluded by the court without hearing either side. As we remarked in *Lyon* v. *Fabricant,* 113 *N. J. L.* 62 (at *p.* 63) : "In the reception of evidence, where an objection is made, the reason for such objection must be given, otherwise the objection, and an exception predicated thereon, are of no avail if the evidence is received. But on the other hand,

if the court exclude the question, counsel propounding it may enter his exception without assigning any reason in support of such question or other evidence, unless perhaps the court asks for such reason. All this is every day practice." And again (at *p.* 67) : "An objection to evidence, to be effective, must state the reason for such objection. That is before the evidence comes in. After the court has ruled, counsel aggrieved by the ruling is entitled to enter his exception, without going further into an explanation of his reason for so doing." These observations were *obiter* as regards admission of evidence in that case, because the decision turned on exceptions to the charge; but they were intentionally made, because, as we said, "it has seemed advisable to restate the old and well established rules and practice in that regard." Lyon *v.* Fabricant was a civil case, but in the present particular the rule in civil and criminal cases is the same.

The Supreme Court did not consider weight of evidence, nor have we done so. Based on the bill of exceptions, the reversal in the Supreme Court is affirmed here, and, as we have said, for the reasons stated in that court.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, DEAR, WELLS, JJ. . 9.

*For reversal*—VAN BUSKIRK, HETFIELD, WOLFSKEIL, RAFFERTY, JJ. 4.