32 N.J. Super. 191 (1954)
108 A.2d 104
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
FRANK FALCONETTI, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 8, 1954.
Decided September 24, 1954.
*192 Before Judges EASTWOOD, GOLDMANN and SCHETTINO.
Mr. George A. Gray, Assistant Prosecutor, argued the cause for the plaintiff-respondent (Mr. J. Victor Carton, Monmouth County Prosecutor, attorney).
Mr. Clarkson S. Fisher argued the cause for the defendant-appellant (Mr. Edward F. Juska, attorney).
*193 The opinion of the court was delivered by EASTWOOD, S.J.A.D.
The sole issue raised by this appeal is whether the trial court committed error in permitting the prosecutor to cross-examine a defense witness concerning his arrest and indictment.
In the indictment charging Frank Falconetti and Alexander Golaszewski with having committed the crime of bookmaking on November 4 and 5, 1953, respectively, there were two counts charging the witness, John Arnone, with aiding and abetting both Falconetti and Golaszewski in the commission of the aforementioned crime at Arnone's premises.
At Falconetti's trial below, two inspectors from the Division of Alcoholic Beverage Control testified that they went to Arnone's tavern in the Borough of Red Bank on November 4, 1953, and, after ordering drinks, inquired of Arnone as to how a bet could be made, whereupon Arnone called the defendant Falconetti, introduced the inspectors, who made the bet on an entry running at the Garden State Race Track that afternoon, and a $6 bet was paid to Falconetti who placed the money in his pocket.
Falconetti's defense was based upon an alibi and Arnone, one of Falconetti's witnesses, testified that Falconetti was not in the bar all day on November 4. On cross-examination, the witness Arnone was asked whether he had not seen the inspectors on November 5, and having replied, "I don't remember offhand," the court permitted the State, over objection, to interrogate Arnone at some length about his alleged arrest on November 5, his subsequent indictment and accusation by the Alcoholic Beverage Control Department. After the series of questions were allowed over objection, the court cautioned the jury that the entire line of questions only were to be considered on the question of Arnone's credibility.
The cases dealing with the admissibility of evidence to show that a witness has been arrested or accused of crime, or the interrogation of a witness as to such fact, for the purpose of discrediting him, represent three distinct views or doctrines. That which has been most widely accepted and generally applied is that, except for the purpose of showing *194 interest or bias, or a motive to falsify, on the part of the witness, the fact of a prior arrest or accusation may not be shown or inquired into. This view has usually been based upon one or more of the following grounds or theories: that a mere unproven charge against the witness does not logically tend to affect his credibility; that such evidence or inquiry might unduly prejudice the jury against the witness and particularly so if he is the defendant; that one accused of crime is presumed to be innocent until his guilt is legally established; and that a witness may not be impeached or discredited by evidence of particular acts of misconduct.
The contrary view that such showing or inquiry is permissible, subject, in some instances, to certain limitations in respect of the nature of the action on trial, the mode or manner of showing, the form of the action or accusation against the witness, the nature of the offense charged against him, the time of the arrest or accusation, and the privilege of the witness to refuse to answer, has found support in a few jurisdictions.
Other courts, steering a middle course, hold that the showing or inquiry as to such arrest or accusation rests in the sound discretion of the trial court. 20 A.L.R.2d 1424.
The rule of exclusion of such matters on cross-examination of witnesses has been held to be subject to the exception that a witness in a criminal proceeding may be asked if he is not under indictment or arrest for a crime growing out of the same transaction as the case in which he is appearing as a witness, for the reason that the questions are designed to show interest of the witness in the case at trial. 58 Am. Jur. 755; 20 A.L.R.2d 1446.
More particularly, under the subject of impeachment of witnesses generally, it has been stated that as to accomplices of a defendant in a criminal action,
"It would be error to refuse permission to prove, as bearing upon the credibility of the accomplice, that no proceedings whatever had been instituted against him for the crime he had confessedly committed, although several months had elapsed since its perpetration. *195 And so, on cross-examination, he may be asked whether he was arrested or charged with the crime." 58 Am. Jur. 371, Witnesses, sec. 681.
That the testimony of an accomplice or co-indictee in a criminal case may reflect his interest therein has been recognized by Professor Wigmore in his Treatise on Evidence (3d ed.), vol. III, sec. 967, and further by the courts of this State. In the case of State v. Rosa, 71 N.J.L. 316, 319 (E. & A. 1904), the accusation and arrest of a witness on charges involved in the crime under question was permitted to be shown as affecting his credibility. The court stated:
"* * * It appears by the record that Conti was confined in the county jail for some undisclosed reason from the day after the shooting until his examination at this trial, and if, in answering the question above quoted, he had admitted that he had been arrested on a charge of the very crime for which the defendant was being tried, a motive might have been found for his fabrication of testimony to convict the defendant, and thus to exonerate himself. While, of course, a mere charge of crime, disconnected with the subject under investigation, does not affect the credibility of a witness, the fact that a witness knows himself to be officially accused of the crime which his evidence tends to fasten upon another person cannot be overlooked in considering whether he is free from every influence that might lead to falsehood. The conviction of this defendant for a murder perpetrated by a single shot would be likely to end all search for the murderer, while his acquittal might revive and stimulate investigation of other suspected persons, and the defendant had the legal right to put in evidence the grounds on which it could be argued before the jury that this thought in the mind of the witness impaired his credibility."
In State v. Hogan, 13 N.J. Misc. 117, 119 (Sup. Ct. 1935), affirmed 115 N.J.L. 531 (E. & A. 1935), the court found prejudicial error in the exclusion of questions on cross-examination of a witness' accomplice, relating to his arrest on a charge arising out of the same crime, for the reason that the questions went to the witness' credibility. It was stated that:
"* * * A jury may convict a prisoner upon the testimony of an accomplice alone if, in its judgment, such testimony is entirely credible and worthy of belief. State v. Fearce, 113 N.J.L. 155; *196 172 Atl. Rep. 575; State v. Bove, 98 N.J.L. 350; 116 Atl. Rep. 766; affirmed, 98 N.J.L. 576; 119 Atl. Rep. 926; State v. Bossone, 88 N.J.L. 45; 95 Atl. Rep. 969; affirmed, 89 N.J.L. 724; 99 Atl. Rep. 310; State v. Lieberman, 80 N.J.L. 506; 79 Atl. Rep. 331; State v. Hyer, 39 N.J.L. 598; State v. Bien, 95 Id. 474; 113 Atl. Rep. 248; State v. Simon, 71 N.J.L. 142; 58 Atl. Rep. 107; affirmed, 59 Id. 1118. But such testimony must, for obvious reasons, be closely scrutinized. The accomplices, tainted as they are with confessed criminality, are often influenced in their testimony by the strong motive of hope of favor or pardon. Therefore, it is incumbent upon the courts to `look carefully into the secret motives that might actuate bad minds to draw in and victimize the innocent.' State v. Hyer, supra. See, also, State v. Bien, supra. In these circumstances there was all the more reason for a liberal application of the general rule that questions directed toward eliciting the interest of the witness are proper. * * *"
Chief Justice Gummere, in the case of State v. Black, 97 N.J.L. 361 (Sup. Ct. 1922), in allowing cross-examination of a witness regarding consultation of that witness with the defendant, stated:
"As a general rule, any fact that bears against the credibility of a witness is relevant to the issue being tried; and the party against whom the witness is called has a right to have that fact laid before the jury in order to aid them in determining what credit should be given to the person testifying. Prout v. Bernards Land, &c., Co., 77 N.J.L. 719."
More recently, Judge Bigelow, in the case of State v. Edelman, 19 N.J. Super. 350, 353 (App. Div. 1952), commented upon the necessity for pointing out the fact that a witness is a co-indictee and accomplice and that, therefore, his testimony should be subjected to greater scrutiny. We are of the opinion that the testimony of an alleged accomplice appearing as a witness for a co-indictee may similarly be influenced by bias or interest and should be accorded close scrutiny and that in the matter sub judice the fact was properly brought to the jury's attention as an element for its consideration in arriving at the credence to be accorded to Arnone's testimony.
We have reviewed the manner of cross-examination of Arnone by the State on the subject in question and, while *197 we conclude that it was entirely proper to attempt to establish thereby the witness' interest, we are inclined to think that it was unnecessary to indulge in the repetitive manner in which the witness was queried on the subject. The desired information having once been elicited, the State might well have desisted from reiteration thereof. Such repetitive manner of treatment tends to accentuate other inferences than those going to credibility of the witness and under the authorities this is not permissible. However, having considered the matter in its entirety, the fact that the court on two occasions cautioned the jury that the testimony was only to be considered on the question of Arnone's credibility and it appearing that there was sufficient evidence to support the conviction, we conclude that the court's admissibility of the repetitive interrogation was harmless error.
Affirmed.