70 N.J. Super. 506 (1961)
176 A.2d 9
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
THOMAS WIGFALL, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 30, 1961.
Decided November 30, 1961.
Before Judges PRICE, SULLIVAN and LEONARD.
*507 Mr. William T. Wachenfeld (assigned counsel) argued the cause for defendant-appellant.
Mr. Brendan T. Byrne, County Prosecutor of Essex County, argued the cause for plaintiff-respondent.
The opinion of the court was delivered by PRICE, S.J.A.D.
Defendant Thomas Wigfall and one Joseph Morton were convicted in the County Court as the result of an indictment charging them with conspiracy to commit robbery in violation of N.J.S. 2A:98-1. Only Wigfall appeals.
The sole ground of appeal presents the issue whether, under the circumstances here present, defendant was entitled, absent a request therefor, to have the trial court in its charge specifically apprise the jury of the dangers involved in placing reliance upon the uncorroborated testimony of co-conspirators and accomplices. No pertinent request to charge was submitted and no objection to the charge as delivered was made. R.R. 3:7-7.
Invoking the plain error rule (R.R. 1:5-1(a), 2:5), defendant's counsel on appeal (who was not defendant's trial counsel) contends that the court's alleged failure adequately to charge the jury in the particular phase noted affected defendant's "substantial rights" to such an extent as to require a reversal of the judgment of conviction.
The record reveals that on July 25, 1960, three men, Ellerbie, Wilkins and Bailey, were arrested while in the act of robbing one Alvin Little. During the course of the police investigation, they involved appellant Wigfall and Morton as members of the conspiracy. Ellerbie, Wilkins and Bailey were convicted and were awaiting sentence at the time appellant and Morton were convicted of conspiracy as aforesaid. The testimony of the three men presented on the State's case was the main basis for the convictions of appellant and Morton. Appellant denied that he was present at the time and place of the robbery as claimed by the State's *508 witnesses and denied any connection therewith. The criticized portion of the court's charge was as follows:
"The State has offered in evidence the testimony of three co-defendants who are involved in this indictment, that is, the testimony of Robert Ellerbie, Clarence G. Wilkins and Alfonso Bailey. You have the right to convict on the testimony of accomplices or co-defendants if in your judgment the testimony is entirely credible and worthy of belief."
Emphasizing that the State's aforesaid witnesses had not yet been sentenced, appellant directs our attention to State v. Edelman, 19 N.J. Super. 350 (App. Div. 1952), where we said (at p. 353):
"An accomplice is apt to believe that if his testimony supports the contention of the State, the representatives of the State will accept it as true and will grant him favorable treatment, even though his testimony is, in fact, false."
In that case we further stated that, for the foregoing reason, "among others, the jury should regard the testimony of an accomplice with suspicion, and should accept it as true only after careful scrutiny." Edelman, at p. 354.
Further examination of our opinion in Edelman, supra, reveals that, at page 353, we emphasized that the trial court in its charge ignored the fact that Gross (witness for the State) "was an accomplice of Edelman in the conspiracy and, despite that circumstance, charged the jury `to accord his testimony just as much value as the testimony of any other witness.'"
The courts of our State have frequently had occasion to note the status of accomplices and to accentuate the necessity for the careful scrutiny to which their testimony must be subjected by the trier of the facts. State v. Black, 97 N.J.L. 361, 363 (Sup. Ct. 1922); State v. Hogan, 13 N.J. Misc. 117, 119 (Sup. Ct. 1935), affirmed 115 N.J.L. 531 (E. & A. 1935); State v. Lieberman, 80 N.J.L. 506, 509 (Sup. Ct. 1911). See also, State v. Falconetti, 32 N.J. Super. 191, 195-196 (App. Div. 1954).
*509 The development of the law with reference to the testimony of accomplices was exhaustively reviewed by Mr. Justice Heher in State v. Spruill, 16 N.J. 73, 78-81 (1954), on which case appellant also relies.
In reversing the conviction of defendant for refusal of the trial court to charge certain pertinent requests, bearing on the care to be exercised by the jury in assessing the testimony adduced by the State from the accomplices, the court in Spruill said (at p. 80):
"Thus, at common law the practice of discouraging a conviction resting solely on the uncorroborated testimony of an accomplice was not a rule of evidence, but a `counsel of caution' given by the judge to the jury, in recognition of the danger of proceeding to an adverse judgment on such evidence alone.
But, while there is support for the doctrine that in the application of this rule the trial judge's omission of the caution was not of itself a ground for a new trial, being a matter solely in the trial judge's discretion, Wigmore, section 2056, we are clear that there cannot be an arbitrary refusal to instruct the jury in specific terms that the evidence of an accomplice is to be carefully scrutinized and assessed in the context of his special interest in the proceeding." (Emphasis supplied)
Neither Edelman, supra, nor Spruill, supra, is controlling in the disposition of the appeal in the instant case, as contended by defendant. In Edelman, as above noted, the trial court in its charge expressly accorded to the testimony of an accomplice the same value as that "of any other witness." This, we determined, constituted prejudicial error.
In Spruill, supra, 16 N.J., at p. 81, it was determined that the trial court erroneously rejected proper requests to charge submitted by defendant, who thereafter had made adequate and timely objection to the court's refusal to honor the requests (R.R. 3:7-7(b)).
In the case at bar there exists no such erroneous charge as in Edelman, no improper rejection of an appropriate request to charge, as in Spruill, or even an objection to the charge as given. In such a situation the case of State *510 v. Begyn, 34 N.J. 35 (1961), is controlling and dispositive of defendant's appeal. It was there recognized (34 N.J., supra, at p. 54) "that a defendant has a right, upon request, to a specific jury instruction `that the evidence of an accomplice is to be carefully scrutinized and assessed in the context of his specific interest in the proceeding' * * * and that a judge may, with entire propriety, make the cautionary comment to the jury on his own motion in situations where the circumstances indicate to him the advisability of doing so."
The cited case is clear authority for the principle that, in the absence of a request therefor, the deliverance of such a cautionary charge is permissive and not mandatory. Consequently, its omission from the court's charge in the instant case affords no basis for the reversal of defendant's conviction.
The conviction is affirmed.